Argued and submitted November 28, 2001, reversed and remanded May 29, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# DANIEL JAMES PENDER,
*Appellant.*

## C980316CR; A110799

47 P3d 63

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Stephanie Hendricks, Certified Law Student.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for possession of a controlled substance. He assigns error to the trial court's denial of a motion to suppress statements that he made in response to questions asked during an arrest but before he was given *Miranda* warnings. We reverse and remand.

The relevant facts are few and uncontested. Officer Juarez arrested defendant on an outstanding warrant for a probation violation. As he handcuffed defendant, Juarez asked whether defendant had any "knives, guns, syringes, [or] controlled substances." Defendant replied that he had a syringe in his sock and something in his pocket. Juarez asked what was in the pocket, and defendant said that it was methamphetamine. A patdown search produced two film canisters that contained methamphetamine. At that point, Juarez gave defendant *Miranda* warnings. Defendant was charged with possession of a controlled substance.

Defendant moved to suppress the evidence of the methamphetamine on the ground that it had been obtained as a result of unlawful interrogation. According to defendant, he clearly was under arrest and therefore should have been given *Miranda* warnings *before* Juarez questioned him. The state conceded that defendant was under arrest at the time of the questioning and that *Miranda* ordinarily would apply. The state, however, said that the questioning was permissible under recognized exceptions to *Miranda*. According to the state, questions that are "normally attendant to arrest and custody" are not subject to *Miranda*. Nor, argues the state, are questions necessitated by considerations of public safety. The trial court suppressed the question about what was in defendant's pocket, but otherwise the trial court denied defendant's motion.

On appeal, defendant advances the same arguments in support of his contention that the trial court should have suppressed all of the evidence of possession of methamphetamine. The state likewise advances the same arguments in

support of the trial court's ruling, namely, that the questioning was permissible under recognized exceptions for questioning normally attendant to arrest and custody and considerations of public safety.

■ ■      The general rule is that officers are required to deliver *Miranda* warnings before subjecting a suspect to custodial interrogation. *Miranda v. Arizona*, 384 US 436, 444, 86 S Ct 1602, 16 L Ed 2d 694 (1966); *State v. Fish*, 321 Or 48, 84, 893 P2d 1023 (1995) (Graber, J., concurring in part and dissenting in part). Exceptions to the general rule have been recognized as a matter of federal law. Those include questioning that is "normally attendant to arrest and custody," *Rhode Island v. Innis*, 446 US 291, 301-02, 100 S Ct 1682, 64 L Ed 2d 297 (1980), and questioning "in a situation posing a threat to the public safety," *New York v. Quarles*, 467 US 649, 657, 104 S Ct 2626, 81 L Ed 2d 550 (1984). The former exception has been recognized under Article I, section 12, of the Oregon Constitution. *State v. Cunningham*, 179 Or App 498, 501, 40 P3d 535 (2002). Oregon's appellate courts have not had occasion to address whether to recognize the latter exception under Article I, section 12, as well.

We begin with the exception for questioning that is "normally attendant to arrest and custody." In *Cunningham*, we explained that, as a matter of both state and federal law, the exception applies to questions that are "normally attendant to arrest and custody," but that are not designed to elicit incriminating information. In that case, during an arrest for a fish and game violation, the defendant was asked whether he possessed anything that was sharp or would hurt the arresting officer. We held that the officer was not required to give *Miranda* warnings before asking that question, because asking about weapons or other harmful items "served a noncriminal, noninvestigatory purpose" and was not "designed to elicit an incriminatory response." *Id.* at 505.

In this case, Juarez asked defendant whether he had "knives, guns, syringes, [or] controlled substances." The questioning as to the knives, guns, and syringes is no different from the questioning for weapons or other harmful items that we permitted in *Cunningham*, and we conclude that it was permitted without further discussion. The questioning

as to the controlled substances, however, does not fit so neatly into the exception.

The state asserts that the questioning was precipitated by a concern that defendant might be bringing contraband into the jail in violation of ORS 162.185. To begin with, the state's argument is built on a false premise, namely, that defendant would be guilty of supplying contraband by having controlled substances when he is brought to jail. In *State v. Tippetts*, 180 Or App 350, 356, 43 P3d 455 (2002), we held that an arrestee who is in possession of marijuana at the time he or she is booked into jail is not necessarily guilty of supplying contraband, because the arrestee may not satisfy the statutory requirement that he or she *voluntarily* introduce the contraband into the correctional facility.

Even assuming that the state were correct, however, it would not avail the argument. Asserting that the questioning was designed to determine whether defendant had contraband demonstrates that the questioning was designed precisely to do what *Miranda* prohibits: elicit incriminating information—that defendant is in the process of committing the crime of supplying contraband—without an advice of rights. We conclude that the questioning concerning the controlled substances does not fall within the exception to *Miranda* for questioning "normally attendant to arrest and custody."

■ We turn to the second, "public safety" exception. In *Quarles*, the victim reported that she had just been raped at gunpoint. The police found the suspect in a grocery store with an empty holster. They asked the suspect, "Where is the gun?" 467 US at 657. The Supreme Court held that asking that question did not require *Miranda* warnings. The Court held that the officers had an obvious and immediate need to determine the whereabouts of the gun before a customer or an accomplice came upon it. *Id*. The Court emphasized that it intended to recognize "a narrow exception" that is triggered by urgent circumstances. *Id*.

Certainly no such exigencies were present in this case. Defendant had just been handcuffed and was under arrest. The state argues that the officer needed to determine whether defendant possessed a potentially dangerous

syringe—as, in fact, he did. But, as we already have determined, the officer permissibly asked whether defendant had "knives, guns, [or] syringes." The question, then, is whether considerations of public safety justify *also* questioning defendant about the possible possession of any controlled substance without first providing *Miranda* warnings. The state offers no explanation as to why immediate concerns for public safety justified that additional questioning in this case, and we are aware of none. We therefore conclude that the public safety exception recognized in *Quarles* does not excuse the state's failure to deliver *Miranda* warnings before questioning defendant about whether he possessed any controlled substances. Having so concluded, we need not determine whether it would be appropriate to recognize the public safety exception under Article I, section 12, of the Oregon Constitution.

The trial court erred in denying defendant's motion to suppress.

Reversed and remanded.